**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SILVER JOSE GALINDO, AKA Daniel S. Galindo, AKA Timothy Mau,

Defendant - Appellant.

No. 23-1069

D.C. No. 1:04-cr-00053-DAE-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawai‘i
David A. Ezra, District Judge, Presiding

Argued and Submitted June 10, 2024
Honolulu, Hawai‘i

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Silver Jose Galindo appeals the district court's partial denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *United States v. Chen*, 48 F.4th 1092, 1094 (9th Cir. 2022), we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court determined that the disparity between Galindo's original sentence and the sentence he could have received had he committed the crimes in question after the adoption of the First Step Act ("FSA"), which eliminated the previously mandatory 25-year consecutive "stacking" provision relating to 18 U.S.C. § 924(c) convictions, was an "extraordinary and compelling" reason for a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i). After weighing the 18 U.S.C. § 3553(a) factors, the district court then reduced Galindo's sentence from 452 months to 380 months.

Galindo argues that his reduced sentence "amounts to an upward variance" from the low-end sentence of 230 months he could have received had the FSA been in place at the time he committed the crimes. But because Section 403 of the FSA is not retroactive, the district court could not use a post-FSA Guidelines range as the "anchor" for Galindo's sentence. *See Concepcion v. United States*, 597 U.S. 481, 494, 498 n.6 (2022). And because the district court expressly considered the 18 U.S.C. § 3553(a) sentencing factors in imposing the reduced sentence— including the disparity between the original sentence and the Guidelines range now applicable for the same offenses—we must defer to the district court's decision. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

**AFFIRMED.**

23-1069